UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:     -CV-

Jose Acosta

    Plaintiff,

v.

Crown Linen, LLC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JOSE ACOSTA (hereafter "Plaintiff") by and through his undersigned counsel, and sues Defendant, CROWN LINEN, LLC. (hereafter "Defendant"), stating as follows:

## INTRODUCTION

This is an action by Plaintiff for declaratory relief and damages, as permitted under State and Federal law, to redress Defendants' discriminatory and harassing employment practices against Plaintiff because of his national origin.

## JURISDICTION, PARTIES, & VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 1981, the Civil Rights Act of 1866, and Section 760.10 Florida Statutes.

2. The jurisdiction of this Honorable Court is invoked to secure protection of, and redress for, the deprivation of rights guaranteed by the aforementioned federal and state laws.

3. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §§ 1331, 1343, and 1367.

4. The venue for this action is properly placed in the Southern District of Florida, Miami Division, because events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

5. At all times relevant, Plaintiff was employed by Defendants.

6. Plaintiff is a resident of Miami-Dade County, Florida, is of the age of majority, and is otherwise sui juris.

7. Defendants, Crown Linen, LLC., is a company doing business in Florida.

8. Defendant, Crown Linen, LLC.'s principle address is in Miami-Dade County.

9. At all relevant times, Defendant was engaged in the commercial laundry services industry.

## FACTUAL ALLEGATIONS

10. Plaintiff is an individual of Nicaraguan national original and shares in common a language, specifically Spanish, culture, ancestry, and other social characteristics with other individuals of Nicaraguan ethnicity. Plaintiff is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A §1981 and Title VII of the Civil Rights Act, as amended.

11. On or about July 31, 2013, Plaintiff became employed as a deliver driver by Defendant.

12. On or about June 13, 2017, Roberto Betancourt was promoted by Defendant to manager.

13. From the moment Roberto Betancourt was promoted to manager, Plaintiff was subjected to harassment, bullying and discrimination by Mr. Betancourt who is of Cuban national origin.

14. Mr. Betancourt reduced Plaintiff's hours from eight hours per day to four hours per day.

15. Mr. Betancourt also reduced the hours of Plaintiff's co-worker, Vladimir Martinez, who is also of Nicaraguan national origin.

16. Mr. Betancourt did not reduce the daily hours of any other worker for Defendant.

17. Mr. Betancourt distributed overtime hours to workers who had already completed their full-time hours, yet Plaintiff was not given sufficient hours to work full-time.

18. Plaintiff asked Mr. Betancourt for more hours, but Mr. Betancourt rejected Plaintiff's request.

19. On various occasions, Mr. Betancourt asked Plaintiff to return from his deliveries before his scheduled time.

20. Mr. Betancourt accused Plaintiff of arriving after Plaintiff's scheduled time. Plaintiff did not arrive after his scheduled time.

21. Mr. Betancourt did not ask Plaintiff's co-worker, who is of Cuban national origin, to return from his deliveries before his scheduled time, even though. Plaintiff's co-worker worked Plaintiff's same routes when Plaintiff was off from work.

22. On or about March 20, 2018, Luis Quinteros was hired by Defendants as a manager. Mr. Quinteros became Plaintiff's manager and is of Venezuelan national origin.

23. Plaintiff was asked by his co-workers questions about the routes and other work aspects.

24. Mr. Quinteros did not like that Plaintiff was being asked by his co-workers.

25. Mr. Quinteros started requiring Plaintiff to return from his deliveries before the scheduled time.

26. Mr. Quinteros did not require anyone else to return before their scheduled time.

27. Plaintiff endured constant discrimination by Defendant relating to his national origin. Defendant made Plaintiff the target of discrimination which resulted in a hostile working environment for Plaintiff.

28. Defendant's conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff.

29. As a result of aforementioned treatment by Defendants, Plaintiff suffered substantial economic and non-economic damages, harm to his professional and personal reputation, severe mental anguish, and embarrassment.

30. On or about September 6, 2018 Plaintiff was terminated by the Defendant.

31. Plaintiff was qualified to do the job.

32. On or about October 19, 2018 Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC").

33. On or about August 28, 2019, the EEOC issued a "Notice of Suit Rights" to Plaintiff.

## COUNT- DISCRIMINATION BASED ON NATIONAL ORIGIN

34. Plaintiff re-alleges and re-affirms the allegations contained in the above paragraphs 1 through thirty-three, as if fully set forth herein.

35. Defendant engaged in and allowed policies and practices that willfully, intentional, and unlawfully discriminated against Plaintiff based on his national origin. Defendant engaged in a pattern of continuous discrimination against Plaintiff because he is of Nicaraguan national origin.

36. Defendant was aware that various activities at its facilities created a hostile work environment for Plaintiff. Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, was aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

37. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

38. As a direct and proximate result of Defendant's discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, and was unreasonably subjected to a hostile workplace, based on his national origin.

39. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

40. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

41. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C.A. § 198, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff, Jose Acosta, respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a) A declaratory judgment that the aforementioned actions, conduct, and practices of Defendant violate the laws of the United States and the State of Florida;

b) An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c) An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d) An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e) An award of punitive damages;

f) An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g) Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for Plaintiff*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawfirm.com